IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**LUIS A. CALVILLO**                                                          **PLAINTIFF**
ADC #160330

v.                      No: 2:18-cv-00140 KGB-PSH

**TIFFANY M. MUNN,** *et al.*                                  **DEFENDANTS**

**FINDINGS AND RECOMMENDATION**

**INSTRUCTIONS**

The following proposed Findings and Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I. Introduction**

Plaintiff Luis Calvillo filed a complaint pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* on October 11, 2018. Doc. Nos. 1 & 2. Calvillo filed an amended complaint on November 7, 2018. Doc. No. 6. Calvillo sues Tiffany Munn, James Dycus, David Knott, and Jeremy Andrews. *Id.* He alleges that he was wrongfully disciplined for fighting. His disciplinary resulted in placement in isolation for 30 days and a 60 day restriction on commissary, phone, and visitation. Doc. No. 6 at 4. Calvillo also alleges that he was denied hygiene products, pepper sprayed, and placed on behavior control while in isolation. *Id.* at 5. Defendants move to

dismiss Calvillo's claims against them for failure to state a claim upon which relief may be granted. Doc. No. 14.  Calvillo responded (Doc. No. 15), and defendants filed a reply (Doc. No. 20).  As explained herein, the undersigned recommends that the defendants' motion be granted.

## II.  Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  If, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.  *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see also O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).  The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.  *Young*, 244 F.3d at 627.  The factual allegations in the complaint must "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* (quoting *Bell Atlantic*, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic*, 550 U.S. at 557). In *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

### III. Analysis

Defendants argue that Calvillo's claims should be dismissed because he failed to state a claim as a matter of law. The Court agrees, although not for the reasons argued by the Defendants.[1]

---

[1] Defendants argue that Calvillo's punishment related to the disciplinary was not an atypical and significant hardship sufficient to give rise to a constitutional claim. While a 30-day sentence to punitive isolation may not pose an atypical and significant hardship, the Court believes the denial of hygiene supplies for 30 days, as asserted by Calvillo, could constitute an atypical and significant hardship. *See e.g., Savory v. Moore,* No. 06-4203-CV-C-SOW, 2009 WL 151728, at *7 (W.D. Mo. Jan. 21, 2009) ("The conditions imposed for plaintiff, . . . requiring all property, including his clothing (his being given only a paper gown to wear), bedding and hygiene products being removed from his cell and possession, are conditions which arguably constitute an atypical and significant hardship in relation to ordinary incidents of prison life."). Defendants also argue that Calvillo's claim is *Heck* barred. However, if Calvillo stated an actionable due process claim in connection with the disciplinary, it would not be *Heck* barred because Calvillo does not allege that he lost good time credits. If a prison disciplinary conviction *does not* result in the elimination of good-time credits, it has no effect on the length of the underlying sentence and is not barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). *See Muhammad v. Close*, 540 U.S. 749, 754-755 (2004) (where no good-time credits were eliminated by a prison disciplinary determination, that decision has no effect on the term of incarceration ordered by the prisoner's original criminal judgment of conviction).

Calvillo complains of a disciplinary he received in August 2018 for fighting. Doc. No. 6 at 4. He alleges that defendant Munn said she saw him fighting and falsified documents in support of a disciplinary. *Id.* Calvillo alleges that defendant Dycus told him he would review the video of the incident and not give him a disciplinary if he was not fighting. *Id.* Calvillo alleges that Knott told him he reviewed the video but it was blurry, and stated that Calvillo would receive a disciplinary even though he could not be seen fighting. *Id.*

Calvillo further alleges that while he was in punitive isolation as a result of the disciplinary, he was denied hygiene products, pepper sprayed, and placed on behavior control with no blanket for three days. *Id*. at 5. Calvillo, however, does not name as a defendant any individual involved in his conditions of confinement claim, and only states that a Sgt. Moore did not bring him a blanket. *Id.* He also alleges that unnamed individuals threw a gas bomb near his cell, causing him to pass out. *Id.*

Calvillo seeks to be compensated for the falsified documents that caused him to be disciplined and spend 30 days in punitive isolation and extended the date he would be eligible for parole. *Id.* at 6. Calvillo also seeks compensation for mental and emotional suffering and "termination of those involved for not properly investigating." *Id.*

Calvillo's allegations that he was issued a false disciplinary are not sufficient to state a § 1983 claim as a matter of law. *See Dixon v. Brown,* 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989) (same). For this reason, Calvillo's complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

The Court notes that while Calvillo's complaint may be construed as raising claims based on the conditions he endured while in punitive isolation, he does not name responsible defendants,

and his response to the defendants' motion clarifies that he only seeks to sue defendants based on the false disciplinary. *See* Doc. No. 15 ("My lawsuit is aimed at the fact that Capt. Tiffany Munn wrongfully reported me fighting with another inmate in [illegible] case filing False documents against me. the way I was treated in Isolation has lil to do with this but by no means is unimportant."). If Calvillo intends to challenge his conditions of confinement, he must file a separate lawsuit naming the appropriate defendants.

### IV. Conclusion

The undersigned recommends that the defendants' motion to dismiss (Doc. No. 14) be granted and this case be dismissed without prejudice for failure to state a claim upon which relief may be granted. Dismissal of this action should count as a "strike" within the meaning of 28 U.S.C. § 1915(g). The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

DATED this 7th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE