# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

| | |
|---|---|
| LUIS A. CALVILLO<br>ADC #160330 | PLAINTIFF |
| v. Case No. 2:18-cv-00140-KGB | |
| TIFFANY M. MUNN, *et al.* | DEFENDANTS |

## ORDER

Before the Court is the Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 23). Plaintiff Luis A. Calvillo filed an objection to the Findings and Recommendations (Dkt. No. 24). After careful review of the Findings and Recommendation, a *de novo* review of the record, and a review of the objections, the Court adopts the Findings and Recommendation as its findings in all respects (Dkt. No. 23). Furthermore, the Court denies as moot Mr. Calvillo's pending motions for status update (Dkt. Nos. 25, 26).

Mr. Calvillo filed a complaint pursuant to 42 U.S.C. § 1983 on October 11, 2018 (Dkt. No. 2). He then filed an amended complaint on November 7, 2018 (Dkt. No. 6). Mr. Calvillo sues Tiffany Munn, James Dycus, David Knott, and Jeremy Andrews, and he alleges that he was wrongfully disciplined for fighting and that he was denied hygiene products, pepper sprayed, and placed on behavior control while in isolation (*Id.*, at 4-5). In the Findings and Recommendation, Judge Harris recommends dismissal of Mr. Calvillo's claims because the filing of a false disciplinary charge is not actionable under § 1983 and because Mr. Calvillo failed to name the defendants responsible for the conditions he suffered while in punitive isolation (Dkt. No. 23, at 4-5). Judge Harris recommends that Mr. Calvillo raise his conditions of confinement claim in a separate lawsuit naming the appropriate defendants (*Id.*, at 5).

In his objection, Mr. Calvillo points the Court to "reports, rec[eipts], and documents of the time [he] was in the hole (isolation) with the names of the officers" who used pepper spray on him (Dkt. No. 24, at 1). Attached to his objection are the following documents: an affidavit from Thomas Hilderbrand; a record of release consideration by the Parole Board; a completed restrictive housing status review record of release consideration form; a completed acknowledgement or rejection of unit level grievance form; two grievances filed by Mr. Calvillo; two inmate request forms completed by Mr. Calvillo; a major disciplinary citation for Mr. Calvillo; a major disciplinary appeal form completed by Mr. Calvillo; a letter from "K. Bell, Administrative Review Officer" to Mr. Calvillo; a disciplinary violation form; and a commissary list with attached receipts (*Id.*, at 2-20). The major disciplinary citation appears to describe the incident where Mr. Calvillo was pepper sprayed (*Id.*, at 11).

The Court concludes that Mr. Calvillo has failed to state a claim upon which relief may be granted as to his claim that he is the victim of a false disciplinary. *See Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994) (noting that "the filing of a false disciplinary charge is not itself actionable under § 1983") (citation omitted). Furthermore, until he filed his objection to the Findings and Recommendation, Mr. Calvillo failed to identify any individuals involved with his conditions of confinement claim. Although Mr. Calvillo now has submitted some documents that may relate to such a claim, the Court declines to construe Mr. Calvillo's objection or the documents attached to his objection as a motion for leave to file an amended complaint or as an amended or supplemental complaint itself. Mr. Calvillo has not identified the individuals he intends to name as defendants nor has he specified how each individual named was involved in the actions about which he complains with respect to his conditions of confinement claim. Accordingly, the Court also finds that Mr. Calvillo has failed to state a claim upon which relief may be granted as to his conditions

of confinement claim at this time. Mr. Calvillo is advised that, if he wishes to pursue his conditions of confinement claim, he must file a separate lawsuit naming the appropriate defendants.

It is therefore ordered that:

1. The Court adopts the Findings and Recommendation as its findings in all respects (Dkt. No. 23);

2. Defendants' motion to dismiss is granted (Dkt. No. 14);

3. Mr. Calvillo's claims are dismissed without prejudice (Dkt. No. 6);

4. Mr. Calvillo's motions for status update are denied as moot (Dkt. Nos. 25, 26);

5. Pursuant to 28 U.S.C. § 1915(g), dismissal of this action counts as a "strike;" and

6. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this the 17th day of September 2019.

Kristine G. Baker
United States District Judge